# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> **Plaintiff,** <br><br> v. <br><br> **JAMES YORK, ET AL.,** <br><br> **Defendants.** | Case No. 1:16-CV-00069-LJO-SKO <br><br> ORDER GRANTING IN PART AND DENYING IN PART GOVERNMENT'S REQUEST FOR A PROTECTIVE ORDER. <br><br> (ECF No. 139) |

Pending before the Court is the United States of America's Application for Protective Order, filed May 9, 2016 (ECF No. 139). Defendant Markeith Canady filed an Opposition to Application for Protective Order on April 10, 2016 (ECF No. 142), to which eleven of the eighteen Defendants, including Sharika Gains, Darrell Maxey, Luther Newsome, Trenell Monson, Davon Millro, Kenneth Wharry, Steven Blackmon, William Lee, Nastasha Parks, Anthony Windfield, and Kiandre Johnson, filed Joinders. (ECF No. 143-148, 150-153, 155). The Government filed its Reply on May 12, 2016 (ECF No. 156). Defendant Canady filed its Response on May 12, 2016 (ECF No. 157).

Application having been made to this Court by the United States of America (the "Government") for a protective order, and good cause having been shown, the Court **GRANTS IN PART** and **DENIES IN PART** the Government's Request.

The Court's obligation is to balance the rights of the defendants to defend the allegations leveled against them with the various and obvious obligations to protect alleged victims, as well as consider the Government's stated concern to protect those who cooperate with the past and ongoing investigation. The fact that information was released to the press at a prior time does not lessen the concern that the continued release of information can be harmful.

**IT IS HEREBY ORDERED** that:

1. The parties and defense counsel, including but not limited to defense counsel's staff, investigators, and outside assistants, **SHALL NOT** disclose the contents of the documents released by the Government through discovery in this case, except as necessary for investigative work for the prosecution or presentation of defenses in this case.

2. The Government **SHALL** provide two copies of discovery to each Defense Counsel:

    a. One <u>unredacted</u> copy that may be viewed by Defense Counsel, members of his or her staff, investigators, and outside assistants, for the sole purpose of working on the defense of this case; and,

    b. One <u>redacted</u> copy that does not include proprietary, personal or confidential information including, but not limited to, Social Security numbers, dates of birth, telephone numbers, or residential addresses. This redacted copy is the document that can be shown to the Defendants. This process precludes the subjectivity of numerous defense counsel as they try to determine which information does, and which does not, fall into this definition. Should defense counsel believe that there is both a need and a reason to share any redacted information with any Defendant, each such reason will be examined by the Court via an individual motion. This process is neither impossible nor unduly burdensome, and ensures that every defendant has access to the same discovery.

3. No Defendant may make a copy or copies of any document provided to them by counsel, and Defendants may neither share, nor disseminate, such documents with any person who is not on the defense counsel's designated defense team.

4. The discovery and information therein may be used only in connection with the litigation of this case and for no other purpose. The discovery is now and will forever remain the property of the Government. Defense counsel will return the discovery to the Government or certify that it has been destroyed at the conclusion of the case.

5. Defense counsel will store the discovery in a secure place and will use reasonable care to ensure that it is not disclosed to third persons in violation of this agreement.

6. Defense counsel shall be responsible for advising Defendants, employees, and other members of the defense team, and defense witnesses of the contents of this Order.

7. In the event that a Defendant substitutes counsel, substituted counsel shall be bound by this Order.

8. This order may be served on the parties who will be in receipt of the redacted applications, affidavits, orders, recordings or discovery.

IT IS SO ORDERED.

Dated: __**May 13, 2016**__              _____/s/ Lawrence J. O'Neill_____
                                        UNITED STATES CHIEF DISTRICT JUDGE