# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:16-CR-00069-LJO-SKO |
| Plaintiff, | |
| v. | **SCHEDULING ORDER** |
| JAMES YORK, *et al.* | |
| Defendants. | |

On June 22, 2016, a scheduling conference was held in the above-titled case. Defendants James York, Trenell Monson, Deandre Stanfield, Darrell Maxey, Davon Millro, Kenneth Wharry, Kenneth Ray Johnson III, Kiandre Johnson, Anthony Winfield, William Lee, Kevin Packard, Aquilla Bailey III, Steven Blackmon, Natasha Parks, Luther Newsome, and Marvin Larry, all of whom are in custody, appeared with counsel. Defendants Markeith Canady and Sharika Gaines were not present pursuant to waivers but were represented by counsel. Government counsel was present.

Upon a joint request by the parties, the Court made a determination that this case is a complex case within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii), and that time is to be excluded under the Speedy Trial Act, as good cause exists and the ends of justice outweigh the interest of the defendants and the public in a speedy trial. *See Bloate v. United States*, 559 U.S. 196, 210 (2010). Pursuant to

discussions with counsel at the scheduling conference, the Court **ORDERS** that this case proceed as follows:

**1. Discovery**

The Court **GRANTS** the motion by defense counsel for the Government to provide discovery items to defense counsel without encryption, subject to the restriction that defense counsel personally retrieve the unencrypted discovery from the U.S. Attorney's office. If defense counsel is unable personally to retrieve the discovery items, an associate, paralegal or investigator may do so on behalf of defense counsel if the associate/paralegal/investigator brings to the U.S. Attorney's office *both* of the following items: 1) written authorization signed by defense counsel, specifically indicating that the associate/paralegal/investigator is permitted to retrieve the discovery items; and 2) photo identification.

The Government shall provide *all* discovery by no later than **September 1, 2016**. If this deadline is not met by the Government, absent a strong showing of good cause, any discovery produced after September 1, 2016 may not be used by the Government to prosecute this case. Such a circumstance would not, however, relieve the Government from producing the late discovery, and nothing would preclude the Defense from using the late-produced discovery.

**2. Plea Offers**

The Government will make plea offers for all defendants in this case by **March 2, 2017**. Absent good reason to extend, defendants must respond to the plea agreements by **April 18, 2017**.

**3. Motions**

All motions must be filed on or before **April 3, 2017**. Oppositions must be filed on or before **May 3, 2017**. Replies must be filed on or before **June 2, 2017**. Discovery-related motions are to be filed before Magistrate Judge Sheila K. Oberto.

**4. Motions Hearing**

A hearing on any non-discovery motions filed pursuant to the above provision is set for **Monday, June 26, 2016** at **1:30 pm** in Courtroom 4 before Chief Judge Lawrence J. O'Neill.

**5. Witness Statements**

The Government shall provide witness statements by no later than **December 1, 2017**, but will aim to provide the statements by **November 1, 2017**. However, due to the complexity of the case and voluminous discovery, and due to the fact that the dates herein agreed to are earlier than prescribed by law, if the Government needs to call a witness unexpectedly after the deadline passes, the Government agrees to provide the witness statement as soon as possible, and explain the lateness.

**6. Trial Date**

The trial is set to begin on **Tuesday, January 30, 2018** at **8:30 am** in Courtroom 4 before Chief Judge Lawrence J. O'Neill.  This date, due to the enormous task of obtaining non-conflicting dates from all counsel, coupled with how much time all parties are being given to get the discovery and trial preparation completed, will NOT BE CHANGED.  Any conflict that arises for the now-set trial date in this case will be a conflict in the OTHER case (State or Federal), and not this case. This includes the understanding that counsel are to advise any other judge from any other court as soon as a possible conflict arises of the specific special setting of this case.  If there is push back from the other court, counsel are required to notify this Court of the problem immediately, and this Court will make appropriate court-to-court contacts.  Counsel need not to agree to the setting of any case that has a start date before this January 30,2018 trial date that has the potential of interfering with the start of this trial.

IT IS SO ORDERED.

Dated:  **June 24, 2016**                       **/s/ Lawrence J. O'Neill**
                                              UNITED STATES CHIEF DISTRICT JUDGE

3