UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>James York, *et al.*,<br><br>        Defendants. | 1:16-cr-00069-LJO-SKO-11<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO SEVER PURSUANT TO FEDERAL RULES OF CRIMINAL PROCEDURE 8 AND 14**<br><br>(ECF Nos. 306, 322, 324, 325, 327, 328, 335, 337, 339, 340, 344, 349, 355, 361, 367, 369, 370, 371, 374, 379, 431) |

## I. INTRODUCTION

Each of the eighteen defendants in this case has filed a motion to sever his or her trial from co-defendants, alleging misjoinder and prejudicial joinder. Several defendants have requested, in the alternative, that the Court sever the trials on various counts in the Indictment from other counts. For the reasons set forth below, these motions are GRANTED IN PART and DENIED IN PART.

## II. BACKGROUND

On May 5, 2016, a federal grand jury returned a 26-count indictment charging eighteen defendants with the following counts:

| Count | Charge | Defendant(s) |
|---|---|---|
| 1 | Conspiracy to commit murder in furtherance of a criminal enterprise in violation of 18 U.S.C. § 1959(a)(5) | James York<br>Trenell Monson<br>Diandre Stanfill<br>Darrell Maxey<br>Davon Millro<br>Kenneth Wharry<br>Kenneth Johnson<br>Kiandre Johnson<br>Anthony Windfield<br>William Lee |
| 2 | Sex Trafficking by Force, Fraud, or Coercion in violation of 18 U.S.C. § 1591(a)(1) and (b)(1) and (e)2 | James York |
| 3 | Sex Trafficking by Force, Fraud, or Coercion in violation of 18 U.S.C. § 1591(a)(1) and (b)(1) | James York |
| 4 | Sex Trafficking by Force, Fraud, or Coercion in violation of 18 U.S.C. § 1591(a)(1) and (b)(1) | Trenell Monson |
| 5 | Sex Trafficking by Force, Fraud, or Coercion in violation of 18 U.S.C. § 1591(a)(1) and (b)(1) | Trenell Monson |
| 6 | Sex Trafficking by Force, Fraud, or Coercion in violation of 18 U.S.C. § 1591(a)(1) and (b)(1) | Trenell Monson |
| 7 | Sex Trafficking by Force, Fraud, or Coercion in violation of 18 U.S.C. § 1591(a)(1) and (b)(1) | Darrell Maxey |
| 8 | Sex Trafficking by Force, Fraud, or Coercion in violation of 18 U.S.C. § 1591(a)(1) and (b)(1) | Darrell Maxey |
| 9 | Sex Trafficking of a Minor in violation of 18 U.S.C. § 1591(a)(1), (b)(2) and (c) | Aquilla Bailey |
| 10 | Interstate Transportation for Prostitution in violation of 18 U.S.C. § 2421 | Kenneth Wharry |
| 11 | Interstate Transportation for Prostitution in violation of 18 U.S.C. § 2421 | Markeith Canady |
| 12 | Interstate Transportation for Prostitution in violation of 18 U.S.C. § 2421 | Kevin Packard |
| 13 | Use of a Facility of Interstate Commerce to Promote Prostitution in violation of 18 U.S.C. § 1952 | James York |
| 14 | Use of a Facility of Interstate Commerce to Promote Prostitution in violation of 18 U.S.C. § 1952 | Trenell Monson |

| | | | |
|---|---|---|---|
| | 15 | Use of a Facility of Interstate Commerce to Promote Prostitution in violation of 18 U.S.C. § 1952 | Darrell Maxey |
| | 16 | Use of a Facility of Interstate Commerce to Promote Prostitution in violation of 18 U.S.C. § 1952 | Davon Millro |
| | 17 | Use of a Facility of Interstate Commerce to Promote Prostitution in violation of 18 U.S.C. § 1952 | Kenneth Wharry |
| | 18 | Use of a Facility of Interstate Commerce to Promote Prostitution in violation of 18 U.S.C. § 1952 | Kiandre Johnson |
| | 19 | Use of a Facility of Interstate Commerce to Promote Prostitution in violation of 18 U.S.C. § 1952 | Markeith Canady |
| | 20 | Use of a Facility of Interstate Commerce to Promote Prostitution in violation of 18 U.S.C. § 1952 | Kevin Packard |
| | 21 | Use of a Facility of Interstate Commerce to Promote Prostitution in violation of 18 U.S.C. § 1952 | Aquilla Bailey |
| | 22 | Use of a Facility of Interstate Commerce to Promote Prostitution in violation of 18 U.S.C. § 1952 | Sharika Gaines |
| | 23 | Conspiracy to Effect the Transactions with Access Devices Issued to Other Persons in violation of 18 U.S.C. § 1029(a)(5) and (b)(2) | Kenneth Wharry Kenneth Johnson Anthony Windfield Natasha Parks Luther Newsome Marvin Larry |
| | 24 | Felon in Possession of a Firearm in Violation of 18 U.S.C. § 922(g)(1) | Steven Blackmon |
| | 25 | Possession with Intent to Distribute a Controlled Substance (Marijuana) in violation of 21 U.S.C. § 841(a)(1) | Steven Blackmon |
| | 26 | Possession of an Unregistered Firearm in violation of 26 U.S.C. § 5861(d) | James York |

(ECF No. 127 ("Indictment").)

The charges in the Indictment are allegedly related to the activity of the Dog Pound Gangsters ("DPG"), a criminal gang operating in the Fresno area. The charges can be broken into four groups with overlapping groups of defendants: Violent Crime in Aid of Racketeering ("VICAR") Count (Count 1), Prostitution Counts (Counts 2-22), Access Device Fraud Count (Count 23), and Gun and Drug Counts

(Counts 24-26).

The VICAR Count alleges that ten of the eighteen defendants conspired to commit murder in aid of the criminal DPG enterprise and for the purpose of maintaining and increasing their status in DPG in violation of 18 U.S.C § 1959(a)(1).[1] The Indictment lays out significant background on the DPG and alleges that the enterprise engaged in racketeering activity, including prostitution, fraud, and drug trafficking. (Indictment ¶¶ 1-16.) The Government represents that the Prostitution Counts, Device Access Count, and Gun and Drug Counts are racketeering activity related to the enterprise alleged in the VICAR Count. (ECF No. 409 at 7.) The Indictment alleges that the prostitution, fraud, drug, and gun violations were committed as part of and in furtherance of the criminal enterprise. (Indictment ¶ 14-15.)

The Prostitution Counts allege a series of prostitution and sex trafficking offenses by DPG members and associates, including sex trafficking by force, sex trafficking of a minor, use of a facility of interstate commerce to promote prostitution, and interstate transport for prostitution. Each of these offenses qualifies as racketeering activity under VICAR, 18 U.S.C. § 1959.[2] Six of the ten defendants named in the VICAR Count are alleged to have committed at least one offense in the Prostitution Counts. However, there are four defendants not included in the VICAR Count who are alleged to have engaged in a racketeering prostitution offenses: Markeith Canady, Kevin Packard, Aquilla Bailey, and Sharika Gaines. Sharika Gaines is alleged to be a DPG associate in the Indictment. (Indictment ¶ 13(b).) Aquila Bailey is alleged to be a DPG member in the Indictment. (*Id.* ¶ 13(a).) Markeith Canady and Kevin Packard are not alleged to be DPG members in the Indictment, although the criminal complaint

---

[1] The ten defendants named in the racketeering count: James York, Trenell Monson, Diandre Stanfill, Darrell Maxey, Davon Millro, Kenneth Wharry, Kenneth Johnson, Kiandre Johnson, Anthony Windfield, and William Lee.

[2] Section 1959 incorporates the definition of an "enterprise" and "racketeering activity" found in the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968. Therefore, cases interpreting those terms in RICO apply equally to VICAR. *See United States v. Rogers*, 89 F.3d 1326, 1335 (7th Cir. 1996) ("Section 1959 was enacted to complement RICO"). The major difference between the two statutes, aside from the fact that VICAR deals explicitly with violent crimes, is that although the government must prove the existence of an "enterprise engaged in racketeering activity" under Section 1959, it need not prove that there was a "pattern" of racketeering activity as required in a RICO charge under Section 1962. *See United States v. Bracy*, 67 F.3d 1421, 1430 (9th Cir. 1995).

explains that both individuals are "known" DPG members who have "admitted to belonging to the [DPG] on several occasions when contacted by law enforcement personnel." (ECF No. 2 ¶ 85 (Canady), ¶ 88 (Packard).)

The Access Device Fraud Count alleges a conspiracy to commit access device fraud in violation of 18 U.S.C. § 1029(a)(5) and (b)(2). The Indictment also alleges that DPG, as an enterprise, participated in access device fraud to generate revenue. (Indictment ¶ 2.) Three of the defendants in the Access Device Fraud Count, Kenneth Wharry, Kenneth Johnson, Anthony Windfield, are also defendants in the VICAR Count and are alleged DPG members. (Indictment ¶ 13(a).) Three of the Defendants, Natasha Parks, Luther Newsome, and Marvin Larry, are not alleged VICAR defendants and are not otherwise alleged in the Indictment to be DPG members. However, the criminal complaint identifies Luther Newsome as a DPG member and Natasha Parks and Marvin Larry as DPG associates. (ECF No. 2 ¶ 90 (Parks), ¶ 91 (Larry), ¶ 92 (Newsome).)

Lastly, the Indictment charges Steven Blackmon with possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1)), and of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Blackmon is not implicated in any other charges in the Indictment. Count 26 charges James York with possessing an unregistered short barreled rifle in violation of 26 U.S.C. § 5861(d). York, an alleged DPG member, is also named in the VICAR Count and several of the Prostitution Counts.

All eighteen defendants move to sever pursuant to Rules 8(b) and 14 of the Federal Rules of Criminal Procedure. (ECF Nos. 306, 322, 324, 325, 327, 328, 335, 337, 339, 340, 344, 349, 355, 361, 367, 369, 370, 371, 379, 374, 431.) Certain defendants object to being joined with co-defendants, while other defendants object to the joinder of certain counts in the Indictment. (*Id.*) The Government opposed the motions as to all defendants initially (ECF No. 409), but in response to a request for supplemental briefing from the Court, conceded that there was no basis for joining Defendants Canady, Packard, and Blackmon on the face of the Indictment (ECF No. 434). Several defendants submitted reply briefs. (ECF

Nos. 413, 431, 443/444.)

## III. DISCUSSION

**A.     Joinder of Defendants: Federal Rule of Criminal Procedure 8(b)**

Under Federal Rule of Criminal Procedure 8(b), "[t]he indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Although Rule 8(b) applies explicitly to the joinder of defendants, not offenses, the "joinder of charges when multiple defendants are involved is controlled by Rule 8(b), not Rule 8(a)." *United States v. Sanchez-Lopez*, 879 F.2d 541, 550 (9th Cir. 1989) (citations omitted); *see also* 1A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 144 (4th ed. 2017) ("The case law is relatively clear that in cases involving multiple defendants, the propriety of joinder is tested by Rule 8(b) alone and that Rule 8(a) has no application.").

In interpreting the phrase "same series of acts or constituting an offense or offenses" in Rule 8(b), the Ninth Circuit has stated:

> The term "transaction" is interpreted flexibly, and whether a "series" exists depends on whether there is a "logical relationship" between the transactions. *Felix–Gutierrez*, 940 F.2d at 1208; *United States v. Ford*, 632 F.2d 1354, 1372 (9th Cir.), *cert. denied*, 450 U.S. 934 (1981). Mere factual similarity between the events is not a sufficient basis for joinder, *Ford*, 632 F.2d at 1372, nor is the mere showing that the events occurred at about the same time or that the acts violated the same statute. *United States v. Satterfield*, 548 F.2d 1341, 1344 (9th Cir. 1977). A logical relationship is typically shown "by the existence of a common plan, scheme, or conspiracy." *Felix–Gutierrez*, 940 F.2d at 1208; *Ford*, 632 F.2d at 1372.

*United States v. Vasquez-Velasco*, 15 F.3d 833, 843-44 (9th Cir. 1994); *see also United States v. Brown*, 823 F.2d 591, 597-98 (D.C. Cir. 1987) ("a 'series of acts or transactions' is 'two or more acts or transactions connected together or constituting parts of a common scheme or plan.'" (citations omitted).)

"Rule 8(b) should be construed broadly in favor of initial joinder." *Vasquez-Velasco*, 15 F.3d at 844 (citations omitted). "The goal of maximum trial convenience consistent with minimum prejudice is best served by permitting initial joinder of charges against multiple defendants whenever the common

6

activity constitutes a substantial portion of the proof of the joined charges." *Id.* (citations and quotation marks omitted). The Ninth Circuit has held that "the established rule in this circuit is that a valid basis for joinder should be discernable from the face of the indictment." *United States v. Jawara*, 474 F.3d 565, 573 (9th Cir. 2007).

### 1. VICAR Count Defendants

Several of the VICAR Count defendants argue that they should be tried separately from other co-defendants. (*See, e.g.*, ECF No. 339 (arguing that disparity in the amount of evidence against certain defendants will cause undue prejudice)). Other VICAR Count defendants contend that the trial on Count 1 should be severed from the trials on Prostitution Counts, Access Device Fraud Count, and Gun and Drug Counts, because they are not part of the same series of transactions. (*See, e.g.*, ECF Nos. 335, 337.)

With respect to the first argument, the preference for joint trials of defendants tried together is "particularly appropriate in circumstances where the defendants are charged with participating in the same criminal conspiracy." *United States v. Spinelli*, 352 F.3d 48, 55 (2d Cir. 2003); *see also United States v. Fernandez*, 388 F.3d 1199, 1241 (9th Cir. 2004) ("We have previously noted that a joint trial is particularly appropriate where the co-defendants are charged with conspiracy, because the concern for judicial efficiency is less likely to be outweighed by possible prejudice to the defendants when much of the same evidence would be admissible against each of them in separate trials."). Here, all ten VICAR Defendants are charged with conspiracy to commit murder in aid of racketeering. Defendants' argument that some of them would be tried with more culpable codefendants is not a basis for severance under the circumstances. *Fernandez*, 388 F.3d at 1241. At trial, the Government will need to prove the existence of a conspiracy joined by each defendant, as well as the existence of a criminal enterprise. *See* Ninth Circuit Model Criminal Instructions 8.151, 8.153, 8.20 (2010 ed.). The conspiracy charge necessarily implied that the defendants charged in Count 1 participated in the same series of transactions.

Moreover, the Government has alleged and must prove that each defendant acted for "the

purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity." 18 U.S.C. § 1959. Because there is a substantial overlap in evidence needed to prove the existence of an enterprise engaged in racketeering activity and the other racketeering activity that each of the eighteen defendants allegedly participated in, joinder under Rule 8(b) is appropriate. *Vasquez-Velasco*, 15 F.3d at 844 (joinder was appropriate where there was a substantial overlap in the evidence required to prove the existence of a cartel and its racketeering activities); *see also United States v. Hoelker*, 765 F.2d 1422, 1425-26 (9th Cir. 1985) (joinder appropriate where narcotics charges and extortion charge were "logically related by motive"—a need for funds—had the same participants, and proof of which would be significantly overlapping).

The Government represents that evidence required to prove the existence of a criminal enterprise engaged in racketeering overlaps substantially with the evidence required to prove the racketeering activity alleged in the Prostitution Counts, Access Device Fraud Count, and Gun and Drug Counts. (ECF No. 409 at 7.) Even if the Court severed Count 1 from the other counts alleged in the Indictment, the Government would still be entitled to introduce much of the same evidence for the other counts in the trial on Count 1 to prove the existence of a criminal enterprise engaged in racketeering activity. For example, the Government could introduce evidence that some of the defendants named in Count 1 were engaged in sex trafficking or prostitution activity, or access device fraud activity, in a trial against any one of the defendants named in this count, because that evidence of racketeering activity tends to prove the existence of the DPG as a criminal enterprise engaged in racketeering activity. *See Fernandez*, 388 F.3d at 1242-43 (joinder of defendants charged with various drug trafficking crimes proper because all were involved in criminal activity related to Mexican mafia); *see also United States v. Bergrin*, 650 F.3d 257, 271 (3d Cir. 2011) (joinder of "separately performed, functionally diverse and directly unrelated predicate acts and offenses" can constitute racketeering activity properly joined in a RICO case "as long as they all have been undertaken in furtherance of one or another varied purposes of a common organized crime enterprise"). The overlapping evidence is a further indication that the activity charged

8

in the Indictment is part of the same series of transactions.

VICAR Count defendants are properly joined under Rule 8(b).

### 2. Defendants Markeith Canady (Counts 11 and 19) and Kevin Packard (Counts 12 and 20)

The four Prostitution Count defendants not charged in Count 1 argue that they are not properly joined under Rule 8(b). The Government does not oppose the severance of Defendants Markeith Canady and Kevin Packard, (ECF No. 434), but opposes severance of Aquilla Bailey and Sharika Gaines, (ECF Nos. 409, 434).

Canady and Packard are both charged with one count of interstate transportation for prostitution in violation of 18 U.S.C. § 2421 and one count of use of a facility of interstate commerce to promote prostitution in violation of 18 U.S.C. § 1952. Looking only to the face of the Indictment, Canady and Packard are not alleged to be DPG members and the Indictment itself does not otherwise suggest a logical connection between the stand alone crimes with which they are charged and the DPG enterprise. Therefore, their motions to sever (ECF Nos. 306, 322) are GRANTED.

### 3. Defendants Aquilla Bailey (Counts 9 and 21) and Sharika Gaines (Count 22)

Aquilla Bailey is charged with one count of sex trafficking of a minor in violation of 18 U.S.C. § 1591(a)(1), (b)(2) and (c) and one count of use of a facility of interstate commerce to promote prostitution in violation of 18 U.S.C. § 1952. Sharika Gaines is charged with one count of use of a facility of interstate commerce to promote prostitution in violation of 18 U.S.C. § 1952. Each of these defendants is the sole defendant charged with the count or counts in which they are named. Neither of them is charged with the conspiracy alleged in Count 1 or with any counts not related to prostitution. Both defendants are alleged to have engaged in human trafficking during the same 60 day time frame as the other prostitution activities alleged in the Indictment. (Indictment at 16-19.)

Bailey contends that he should be tried separately because he is the sole defendant named in each of the counts with which he is charged and because there is no connection between the allegations

against him and the allegations in Count 1 of the Indictment. (ECF No. 374 at 6.). As the Indictment explains, the DPG criminal enterprise is engaged in sex trafficking of minors and adults. (Indictment ¶¶ 1(b), 11-12.) The Indictment also alleges that Bailey is a member of the DPG criminal enterprise. (*Id.* ¶ 13(a).) The Indictment further alleges that various prostitution allegations make up the racketeering activity of the VICAR charge in Count 1. (*Id.* ¶¶ 14-15.) Courts have routinely held that a defendant may be joined in an Indictment even if he is only alleged to have committed predicate racketeering acts and is not alleged to have conspired with other co-defendants, as long as the defendant's crime is logically related to the enterprise. *See United States v. Cervone*, 907 F.2d 332, 341 (2d Cir. 1990) (concluding that joinder is proper under Rule 8(b) when a defendant in a RICO indictment is charged only with the predicate acts as independent offenses and not with violating the RICO statute); *United States v. Lee Stoller Enterprises, Inc.*, 652 F.2d 1313, 1315, 1319 (7th Cir. 1981) (proper joinder of defendants charged with various crimes including towing and prostitution payoffs when crimes part of central RICO conspiracy count); *see also United States v. Gotti*, No. X5 02 CR 743(RCC), 2004 WL 602689, at *4-5 (S.D.N.Y. Mar. 26, 2004) ("joinder is proper under Rule 8(b) when a defendant in a RICO indictment is charged only with the predicate acts as independent offenses and not with violating the RICO statute"); *United States v. Mancuso*, No. 05-CR-060 (NGG), 2008 WL 2884397, at *7 (E.D.N.Y. July 23, 2008) ("a defendant charged only in the counts separately charging the predicate racketeering acts, but not in the racketeering counts themselves, may be properly joined with codefendants who were allegedly involved in the same conspiracy."); *United States v. Galietti*, No. 3:06CR161EBB, 2007 WL 3231694, at *3 (D. Conn. Oct. 31, 2007) ("defendants who are charged only in the counts separately charging the predicate racketeering acts, and who are not charged in the racketeering counts, are properly joined under Rule 8").

Moreover, Bailey's membership in the DPG enterprise provides an additional nexus to the other activity alleged in the Indictment. *See United States v. Phillips*, 239 F.3d 829, 838 (7th Cir. 2001) (finding no error under Rule 8(b) where joined defendants were members of the same street gang);

*United States v. Williams*, No. 4:09CR81, 2010 WL 4702351, at *2 (E.D. Va. Oct. 28, 2010) ("it is plain to the court that illegal activities performed by members of street gangs in furtherance of such gang have a logical relationship to each other and . . . form a series of [alleged] acts or transactions sufficient to warrant joinder of charges and defendants under Rule 8") (internal quotation marks and citations omitted). Because the crimes alleged against Bailey are part of the racketeering activity that the Government intends to prove in Count 1, the separate counts related to that racketeering activity are part of the same "series of transactions" as the VICAR offense alleged in Count 1.

Gaines argues that she should not be joined, particularly with the defendants charged in Count 1, because the "common activity" of the conspiracy charged in Count 1 does not constitute a substantial portion of the proof of the joined charge in Count 22. (ECF No. 371 at 5.) That may be true. However, the proof of the crime with which she *is* charged *does* constitute a portion of the proof in Count 1 – namely, that the Government has identified the activity charged in Count 22 as racketeering activity relevant to proving Count 1. (ECF No. 409 at 11-12.) Moreover, Gaines is identified as an associate of that criminal enterprise in the Indictment. (Indictment ¶ 13(b).) Therefore, the joinder of her charges, which are part of the same series of transactions alleged to constitute the racketeering activity of the criminal enterprise, is proper. *United States v. Locascio*, 357 F. Supp. 2d 536, 542 (E.D.N.Y. 2004) ("joinder under Rule 8(b) is proper where a defendant, although not charged in the RICO count itself, is charged in substantive offenses which also serve as predicate acts in the RICO count"); *see also United States v. Garrison*, No. 14-CR-231-WJM, 2016 WL 8416756, at *2 (D. Colo. Sept. 2, 2016) (prostitution offense occurring in time frame of drug charges and involving same participant was properly joined as part of a presumptive common scheme or plan). The Government represents that these prostitution activities are part of the racketeering activity in which the criminal enterprise was engaged.

As the Indictment makes clear, prostitution is one of the ways that gang members and associates profit from the criminal enterprise, and is an important part of the identity and status of the gang.

(Indictment ¶¶ 2, 12.) The gang's prostitution activities are inextricably linked with its status and reputation as a violent gang. Bailey and Gaines are properly joined with the VICAR count and the other counts alleging racketeering activity on behalf of the criminal enterprise.

### 4. Defendants Luther Newsome, Natasha Parks, and Marvin Larry

Defendants Luther Newsome, Natasha Parks, and Marvin Larry are each charged in Count 23 with one count of conspiracy to effect the transactions with access devices issued to other persons in violation of 18 U.S.C. § 1029(a)(5) and (b)(2), along with three VICAR Count defendants (Kenneth Wharry, Anthony Windfield, and Kenneth Johnson). Defendants argue that the "common activity" of the conspiracy charge in Count 1 "does not constitute a substantial portion of the proof of the joined conspiracy charged in Count Twenty-Three." (ECF No. 340 at 4.) Multiple conspiracies can be charged in the same indictment if they "are unified by some substantial identity of facts or participants, or arise out of a common plan or scheme." *Cervone*, 907 F.2d at 341 (quotation marks omitted); *see also United States v. Eufrasio*, 935 F.2d 553, 570-71 (3d Cir. 1991) (finding proper the joinder of offenses which constituted a single series of related acts furthering the RICO enterprise and its purposes).

Here, there is substantial overlap in participants with Count 1. Half of the members of this conspiracy are also named in Count 1 of the Indictment and are identified as members of the DPG criminal enterprise. Although the other three co-conspirators are not alleged to be DPG members or associates in the Indictment, their participation in the conspiracy with enterprise members weighs in favor of finding them properly joined.[3] *See United States v. Moran*, No. 11-CR-6083CJS, 2013 WL 6408124, at *4 (W.D.N.Y. Nov. 26, 2013) (defendants in alleged narcotics conspiracy properly joined in indictment even though they were not alleged to be members of Hells Angels criminal enterprise in

---

[3] Although the Ninth Circuit instructs trial courts to be guided by the face of the Indictment in determining whether parties are misjoined, *Jawara*, 474 F.3d at 573, the conclusion that Defendants Newsome, Parks, and Larry are properly joined is further bolstered by the fact that the criminal complaint makes clear that they are gang members or associates (ECF No. 2 ¶¶ 90-92), and that testimony to that effect will be presented at trial.

RICO or VICAR counts), *report and recommendation adopted*, No. 11-CR-6083, 2015 WL 641825 (W.D.N.Y. Feb. 13, 2015). Defendants are alleged to have committed overt acts in furtherance of the conspiracy during the same early 2016 time frame as the activity charged in the other counts in the Indictment. *United States v. Golb*, 69 F.3d 1417, 1425-26 (9th Cir. 1995) (joinder was appropriate where charged acts took place in same time frame and "involved a common case of characters"). The DPG enterprise enriches its members and associates with the proceeds of access device fraud, and therefore it is part of the common plan or scheme of the enterprise. (Indictment 2(a), 14 (e).) Significantly, the Government also alleges that access device fraud was racketeering activity that the Government will use to prove that the DPG was an "enterprise engaged in racketeering activity." (Indictment ¶¶ 2(a), 13(a), 14(e); ECF No. 409 at 11.) The evidence of the access device fraud charges overlaps with and is material to the Government's allegations in Count 1 of the Indictment. *See Cervone*, 907 F.2d at 341; *see also United States v. Marren*, 890 F.2d 924, 936 (7th Cir. 1989) (noting that "a ruling prohibiting joinder of a general conspiracy charge with RICO conspiracy would be inconsistent with the stated legislative purpose of RICO to expand criminal punishment") (citations omitted). Therefore, the access device fraud conspiracy is part of the same series of transactions as the other crimes charged in this case.

### 5. Defendant Steven Blackmon

Defendant Blackmon is charged in Counts 24 and 25 with one count of possession with intent to distribute a controlled substance (marijuana) in violation of 21 U.S.C. § 841(a)(1) and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Blackmon argues that he was improperly joined with other defendants because he is charged in each count without co-defendants, and the charges are unrelated to either charged conspiracy or the prostitution charges against multiple defendants. (ECF No. 371-1 at 2.). The Government does not oppose severance of Counts 24 and 25. Defendant Blackmon's motion to sever (ECF No. 370) is therefore GRANTED.

### B. Federal Rule of Criminal Procedure 14

Even if defendants are properly joined under Rule 8, a court may sever the trial pursuant

to Federal Rule of Criminal Procedure 14(a) ("Rule 14") if it finds that a joint trial would prejudice a defendant or the government. Courts consider four factors when determining the prejudicial effect of a joint trial: (1) the jury's ability "to collate and appraise the individual evidence against each defendant"; (2) the judge's care in issuing appropriate limiting instructions; (3) the ordinary juror's competence in evaluating the evidence and applicable legal concepts; and (4) whether the defendants can demonstrate, with particularity, a risk that the joint trial would "compromise a specific trial right . . . or prevent the jury from making a reliable judgment about guilt or innocence." *Fernandez*, 388 F.3d at 1241. The first two factors are weighed most heavily. *Id.*

When defendants are indicted together, the federal system evinces a preference for joint trials. *See Zafiro v. United States*, 506 U.S. 534, 537 (1993); *see also United States v. Lane*, 474 U.S. 438, 449 (1986) (recognizing that joint trials "conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial") (quoting *Bruton v. United States*, 391 U.S. 123, 134 (1968)). Only where joinder would create "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence" must the Court grant severance. *Zafiro*, 506 U.S. at 539. Neither a joint trial with more culpable codefendants nor an improved possibility of acquittal in a separate trial is sufficient by itself to warrant severance. *Fernandez*, 388 F.3d at 1241 (citing *United States v. Baker*, 10 F.3d 1374, 1388 (9th Cir. 1993), *overruled on other grounds by United States v. Nordby*, 225 F.3d 1053 (9th Cir. 2000)).

### 1. **Factor One: Jury's Ability to Compartmentalize the Evidence**

The five remaining defendants not charged in Count 1 of the Indictment are each charged with separate and distinct crimes that minimize the risk that evidence of the crime alleged in Count 1 will "spill over" to their detriment. Two of the defendants not charged in Count 1 are charged with separate sex trafficking crimes (Gaines and Bailey). The Government will be required to prove each defendant's direct involvement in the counts with which they are charged beyond a reasonable doubt – indeed, they

are each charged alone. *Schroeder v. Lewis*, No. C 01-3722MMC(PR), 2003 WL 22768415, at *10 (N.D. Cal. Nov. 20, 2003), *aff'd*, 121 F. App'x 175 (9th Cir. 2004) ("risk of prejudice is decreased, however, where the evidence on each crime is simple and distinct, and the trial court properly instructs the jury to compartmentalize the evidence").

The Court sees little risk that the jury would mix up these allegations with each other or with the conspiracy to commit murder allegation in Count 1. *United States v. Geddes*, 844 F.3d 983, 988-89 (8th Cir. 2017) ("where there [is] little possibility the jury was confused over which evidence related to which count, no prejudice occurs to a defendant's right to a fair trial") (internal citations and quotation marks omitted). The facts needed to prove each of these crimes are sufficiently distinct that jurors will be able to separate the evidence. *See Fernandez*, 388 F.3d at 1242-43 (jury was able to compartmentalize multiple counts against eleven defendants even though defendants were charged with multiple different conspiracies with different goals, as well as several predicate RICO or stand-alone VICAR offenses involving different sub-groups of co-defendants).

The same analysis applies to the alleged co-conspirators in Count 23 (Newsome, Larry, and Parks). The conspiracy count with which they are charged is distinct in nature and evidence from the primary violent crime charged in Count 1. There is little risk that the jury would impute the activity charged in Count 1 to the defendants indicted only in Count 23. *Id.*

**2. <u>Factor Two: The Use of Limiting Instructions</u>**

The Ninth Circuit has held that the "careful and frequent" use of limiting instructions can reduce or eliminate the possibility of prejudice arising from a joint trial and may obviate the need for severance. *Id.* at 1243. In *Fernandez*, despite the joinder of charges and defendants involved in multiple overlapping conspiracies as well as RICO and VICAR counts, the Ninth Circuit noted that the judge's frequent instructions to the jury that it must "consider the evidence against each defendant and evaluate each defendant's guilt separately," combined with detailed instructions concerning the law governing conspiracies and the substantive offenses, was "more than sufficient to guard against the possibility of

prejudice to the defendants." *Id.* The Court will give careful and frequent instructions during the trial to ensure that no defendant is unduly prejudiced by a joint trial. None of the Defendants has explained to the Court's satisfaction why such instructions and admonitions would be insufficient to protect their trial rights here. *See United States v. Matta-Ballesteros*, 71 F.3d 754, 771 (9th Cir. 1995) (severance not required where "district court instructed the jury several times during trial that evidence was not admitted against one or more codefendants, and gave a general limiting instruction to the jury before deliberations"), *opinion amended on denial of reh'g*, 98 F.3d 1100 (9th Cir. 1996); *Zafiro*, 506 U.S. at 542 (district court's instruction to the jury that it must "give separate consideration to each individual defendant and to each separate charge against him" and that "[e]ach defendant is entitled to have his or her case determined from his or her own conduct and from the evidence [that] may be applicable to him or to her" was sufficient to "cure any possible prejudice").

### 3. Factor Three: Nature of the Evidence and Legal Concepts

Although the inclusion of a VICAR count undoubtedly makes the legal concepts involved in the case more difficult, that is true in every case containing VICAR or RICO charges. These concepts are within the competency of an ordinary jury. *Fernandez*, 388 F.3d at 1244 (concluding that jurors "were able to understand the fundamental elements of the racketeering-related offenses and apply them to the evidence presented at trial" where jurors were carefully instructed regarding the elements the prosecution must prove to establish a violation of RICO and VICAR). Moreover, the racketeering acts charged here – prostitution and fraud– are "well within the ability of the ordinary juror to understand." *Id.*; *see also United States v. Baker*, 10 F.3d 1374, 1386 (9th Cir. 1993) (noting that "[d]rug manufacturing and distribution, even on such a large scale as in this case, is not beyond the competence of the ordinary juror"); *United States v. DiNome*, 954 F.2d 839, 842 (2d Cir. 1992) ("The crimes here may have been large in number and variety, but they were rather ordinary in nature, except in their viciousness")).

### 4. Factor Four: Risk that a Joint Trial Would Compromise a Specific Trial Right

"[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. Defendants carry a heavy burden to demonstrate prejudice on a Rule 14 motion. *See United States v. Davis*, 663 F.2d 824, 832 (9th Cir. 1981), *rev'd on other grounds*, 714 F.2d 896 (9th Cir. 1983) ("Severance under Rule 14is proper only when the defendant carries the difficult burden of demonstrating undue prejudice resulting from a joint trial.").

The fact that evidence is significantly stronger against one defendant than another is not an adequate basis for severance. *United States v. Rasheed*, 663 F.2d 843 (9th Cir. 1981). Conflicting or antagonistic defenses offered at trial also do not generally require severance. *Zafiro*, 506 U.S. at 937-38. Severance should be granted when the defendant "shows that the core of the co-defendant's defense is so irreconcilable with the core of his own defense that the acceptance of the co-defendant's theory by the jury precludes acquittal of the defendant." *United States v. Mayfield*, 189 F.3d 895, 899 (9th Cir. 1999). However, one defendant seeking to exculpate himself by inculpating a co-defendant is insufficient to require severance. *Id.* Severance is reserved for situations such as when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a co-defendant, when there is evidence that is probative of a defendant's guilt but technically admissible only against a co-defendant, or when a defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial. *Zafiro*, 506 U.S. at 539-40; *see also United States v. Renzi*, No. 08-cr-00212-TUCDCBBPV, 2009 WL 10675612, at *10 (D. Ariz. Dec. 11, 2009) ("the primary danger that the Rule 14 seeks to avoid is a defendant faced with two prosecutors—the government and his co-defendant") (citing *United States v. Sherlock*, 962 F.2d 1349 (9th Cir. 1989)). In *Baker*, the Ninth Circuit similarly identified "inconsistent defenses, violation of confrontation rights, or unavailability of co-defendants' exculpatory testimony" as potential bases for severance, also noting that "[b]road and general allegations of

17

prejudice from the length of the trial are not enough to require the district court to grant a severance." 10 F.3d at 1389.

Defendants do not identify any specific trial rights that would be violated by being tried jointly. Rather, they argue that the prejudicial spillover from other defendants who are alleged to have committed different or more serious crimes prevent them from getting a fair trial and that there is a high risk that they will be found guilty by association.[4] (*See, e.g.*, ECF No. 324 at 5 (prejudice of being joined with defendant accused of sex trafficking of a minor); ECF No. 328 at 3 ("sex offenses will dominate in a joint trial because of their lurid and salacious nature and will, thus, unfairly prejudice him")).) Defendants are not entitled to severance because they would have a better chance of acquittal in separate trials. *Zafiro*, 506 U.S. at 540. Likewise, the fact that evidence is stronger against one defendant, or that one defendant is more culpable than another, is an insufficient basis for severance. *United States v. Rasheed*, 663 F.2d 843 (9th Cir. 1981). "[D]iffering levels of culpability and proof are inevitable in any multi-defendant trial and, standing alone, are insufficient grounds for separate trials." *United States v. Chang An-Lo*, 851 F.2d 547, 557 (2d Cir. 1988) (internal quotation omitted); *see also United States v. Diaz*, 176 F.3d 52, 102-03 (2d Cir. 1999) (finding joint trial proper even though it would result in the admission of testimony about other crimes in which a co-defendant played no part).

Although the Supreme Court has recognized heightened risk of prejudice when "many defendants are tried together in a complex case and they have markedly different degrees of culpability," *Zafiro*, 506 U.S. at 539-40, that heightened risk can be controlled here by limiting instructions. *See Fernandez*, 388 F.3d at 1242-43; *see also United States v. Dazey*, 403 F.3d 1147, 1165 (10th Cir. 2005) (noting that even in such complex cases with many defendants and markedly different degrees of culpability "severance is not necessarily required because 'less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.'") (citations omitted). Defendants have not

---

[4] In *Fernandez*, the Court rejected defendant's argument that her right to due process had been violated by the failure to sever, concluding that alleged violation "does not appear to be the kind of specific violation" that the law contemplates. 388 F.3d at 1242 n.29 (citing *Baker*, 10 F.3d at 1389).

alleged that any such specific trial right would be violated by their joint trial.

Defendant Wharry also argues that in a joint trial, the jury would be "entitled to hear evidence of other criminal charges and of his allegedly poor character that would never be admissible except for the fortuity of a single trial of these unrelated charges." (ECF No. 367 at 9.) Defendant has not explained how evidence of his "generally poor character" would be admissible in this trial but not in a separate trial, nor has he identified to what evidence he is referring. Without more information, the Court is unable to evaluate this claim. Defendants have a heavy burden of demonstrating that severance under Rule 14 is proper. They have not met that burden here.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, Defendants' motions to sever are DENIED IN PART and GRANTED IN PART as follows:

1. The Court GRANTS the motions to sever of Defendants Markeith Canady, Kevin Packard, and Steven Blackmon. (ECF Nos. 306, 322, 370.) The Court ORDERS the following counts and Defendants severed for purposes of trial: Markeith Canady (Counts 11 and 19), Kevin Packard (Counts 12 and 20), and Steven Blackmon (Counts 24 and 25);

2. The remaining motions to sever (ECF Nos. 324, 325, 327, 328, 335, 337, 339, 340, 344, 349, 355, 361, 367, 369, 371, 374, 379, 431) are DENIED, and the trial against the remaining fifteen defendants will proceed jointly.

IT IS SO ORDERED.

Dated:  **September 22, 2017**          /s/ Lawrence J. O'Neill
                                        UNITED STATES CHIEF DISTRICT JUDGE